THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM B. HAYES, JR., Defendant-Appellant.

(No. 11838;

Fourth District—September 10, 1973.

*Rehearing denied October 1, 1973.*

N. E. Hutson, of Monticello, for appellant.

Lawrence E. Johnson, State's Attorney, of Urbana, (Thomas L. Knight, Assistant State's Attorney, and Gary C. Duerkoop, Senior Law Student, of counsel,) for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Defendant was convicted upon his negotiated pleas of guilty to the offenses of resisting arrest and reckless driving. After an evidentiary hearing, the trial court, which did not participate in the plea negotiations, denied defendant's motion for probation and sentenced defendant to a term of 20 days upon the charge of resisting arrest and a fine of $250

upon the charge of reckless driving. The sentences imposed were those recommended by the State's Attorney under the terms of the plea negotiations. The fine has been paid. Defendant appeals the denial of probation.

In March, 1971, defendant was indicted for aggravated battery upon one Barden, a police officer, for resisting arrest by one Cook, a police officer, and for driving while under the influence of intoxicating liquor. The several offenses occurred as a series on one date. Following an initial plea of not guilty, defendant then procured two continuances of the trial setting and obtained discovery of witnesses and police reports.

On the date of trial defendant's pleas of not guilty were withdrawn and pleas of guilty entered. The cause was continued for sentence to December 21, 1971, and on that date defendant, having obtained other counsel, moved for a continuance of 60 days for sentence, asserting purported matters of family business. A continuance of 30 days was granted to January 4, 1972. On December 29, defendant filed a petition for probation. The report of the probation officer expressed skepticism that defendant would abide the rules, but did recommend probation.

Here, defendant argues that the court summarily denied probation because defendant had negotiated a plea and that such denial was an abuse of discretion.

We find that the court's admonition on the taking of the respective pleas of guilty was full and that a factual basis for each plea is clearly established in the record from the statements of defendant in open court. In denying probation, the court stated that all the facts and circumstances of the case were taken into consideration. The record shows that defendant had prior convictions for reckless driving, one of which included a charge of fleeing a police officer.

The review of the trial court's denial of probation is to determine whether the trial court did, in fact, exercise discretion or whether it acted in an arbitrary manner. *People v. Saiken*, 49 Ill.2d 504, 275 N.E.2d 381.

In *People ex rel. Ward v. Moran* (S.Ct. No. 45197, June 1973), (Ill.) (N.E.2d), the court approved language that probation should be left to the sound discretion of the trial court, which is in a better position to weigh the interests of society and the individual in each case. We have examined the evidence offered at the probation hearing, as well as the other matters of record. Under the authority of Supreme Court Rule 23 we find that there has been no abuse of discretion.

The judgment is affirmed.

Affirmed.

CRAVEN, P. J., and SMITH, J., concur.